**In the Matter of FISHER HOLDING COMPANY, INC., Debtor.**

**Bankruptcy No. EV 79–6–RA.**

United States Bankruptcy Court, S. D. Indiana.

April 20, 1981.

Bowers, Harrison & Kent, Evansville, Ind., for debtor.

Mason & Wetherill, Rockport, Ind., for James A. Marksberry and Marksberry Welding Service.

MICHAEL H. KEARNS, Bankruptcy Judge.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

This matter came before the Court upon the claim of James A. Marksberry, Marksberry Welding Service, (hereinafter Marksberry), and the objection thereto filed by debtor, Fisher Holding Company, Inc., (hereinafter FHC). The objection came on for hearing on October 22, 1980, at which both parties were represented by counsel.

The Court, having heard the evidence and the arguments thereon, having observed the demeanor of the witnesses and weighed their credibility, and being duly advised in the premises, now enters the following findings of fact, conclusions of law and order with respect to said Claim and objection thereto.

## FINDINGS OF FACT

1) The Court has jurisdiction over the parties and the subject matter by reason of the Bankruptcy Act as amended.

2) The debtor filed its voluntary Petition in Bankruptcy in the United States District Court for the Southern District of Indiana on August 21, 1979.

3) Claimant Marksberry performed welding services for FHC from 1976 or 1977 until June 19, 1979. The instant claim represents a billing for work performed in June 1979. The invoice attached to his claim indicates that claimant and his brother worked a total of one hundred eighty-six and one-half (186½) man hours on fourteen (14) different days over the first eighteen (18) days of June 1979. The claim of Marksberry, filed on October 31, 1979, is for Three Thousand Five Hundred Thirty Dollars ($3,530.00). In fairness and in the interest of equity, the Court notes that the claimant has made an error in addition; the total of the invoice should be Three Thousand Seven Hundred Thirty Dollars ($3,730.00). The Court will treat this claim as if it were a claim for Three Thousand Seven Hundred Thirty Dollars ($3,730.00).

4) The debtor called Mr. Jack Rowe and Ms. Marva Dean Clayton to testify. Both indicated that they did not see Marksberry at the Grandview Dock (the situs of debtor's operation) during the month of June 1979. Mr. Rowe was at the dock from 6:00 a. m. to 2:30 p. m. most days during that period of time; Ms. Clayton from 6:00 a. m. to 5:00 p. m. Both acknowledged that Marksberry did his welding when the coal loading operation of FHC was shut down.

5) Mr. Marksberry testified that he was on twenty-four (24) hour call as welder for FHC during the period of time in question. He would often work at night after all of the regular employees had left in order to get the equipment in working order before the 6:00 a. m. work shift began. Marksberry testified that he did not perform any unusually large welding jobs during June of 1979.

6) Marksberry billed FHC for work performed on a monthly basis. An invoice was sent to FHC immediately following the end of each month. Marksberry received checks for his monthly services in the months leading up to the initiation of this proceeding; to wit: a check dated April 14, 1979, in the amount of One Thousand Four Hundred Eighty Dollars ($1,480.00), a check dated May 11, 1979 in the amount of Three Thousand One Hundred Sixty Dollars ($3,160.00), and a check dated June 6, 1979, in the amount of Two Thousand Eighty Dollars ($2,080.00).

7) On August 14, 1979, the claimant and others filed an Involuntary Petition in Bankruptcy against the debtor corporation in the United States District Court for the Southern District of Indiana. In said Petition, Marksberry alleged, *inter alia*, that FHC was insolvent on April 11, 1979.

## CONCLUSIONS OF LAW

1) The Court has jurisdiction over the parties and the subject matter by reason of the Bankruptcy Act as amended.

A proof of claim, properly executed and filed, shall constitute prima facie evidence of the validity and amount of the claim. Bankruptcy Rule 301. The proof of claim is strong enough to carry over a mere formal objection, i. e. an objection which simply asserts that the claim is invalid, thereby compelling the objector to go forward with the evidence in order to rebut the claimant's prima facie case. However, once the objector has rebutted the claimant's prima facie case, the claimant has the burden of proving his claim. 3 Collier on Bankruptcy ¶ 57.18, pp. 295–5 (14th Ed.).

While the objector herein cast doubt generally upon the work habits and hours of claimant during the month of June, 1979, the objector did not specifically rebut the days and hours which Marksberry's claim indicates he worked during said month. Marksberry testified that the invoice was correct and was properly billed to FHC. Objector's witnesses did not testify that Marksberry did not perform one hundred eighty-six and one-half (186½) hours of

welding service to FHC in June, 1979. The Court finds that Marksberry has a valid claim against FHC in the amount of Three Thousand Seven Hundred Thirty Dollars ($3,730.00).

4) "A preference is a transfer, as defined by this Act, of any of the property of a debtor to or for the benefit of a creditor for or an account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this Act, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class." § 60(a) of the Bankruptcy Act, 11 U.S.C. § 96(a).

5) "The claims of creditors who have received or acquired preferences, liens, conveyances, transfers, assignments or encumbrances, void or voidable under this Act, shall not be allowed unless such creditors shall surrender such preferences, liens, conveyances, transfers, assignments, or encumbrances." § 57(g) of the Bankruptcy Act, 11 U.S.C. § 93(g).

6) The party alleging a voidable preference has the burden of proving by a preponderance of the evidence all of the essential elements of § 60(a) of the Bankruptcy Act. *Barbour v. Priest*, 103 U.S. 293, 26 L.Ed. 478 (1881); *Wilkie v. Brooks*, 515 F.2d 741 (6th Cir. 1975).

7) The date of the commencement of this proceeding relates back to the date of the filing of the Involuntary Petition, August 14, 1979. Bankruptcy Rule 11–4.

8) All three (3) checks received by Marksberry (enumerated in finding 6 supra) constitute transfers made by the debtor within four (4) months before the filing of the Petition herein.

9) The consideration for such transfers was in each case an antecedent debt for the previous month's welding services.

10) The prompt payment of Marksberry's invoices enabled him to obtain a greater percentage of his claim than other creditors of the same class.

11) Claimant is estopped to deny the allegations of his pleading of August 14, 1979. On that date, claimant alleged that FHC was insolvent on April 11, 1979. Marksberry did not attempt to offer evidence at trial to the contrary.

12) Although claimant Marksberry has a valid claim against the debtor in this proceeding, objector having failed to carry its burden to rebut the prima facie case established by claimant's proof of claim and attachments thereto, claimant was the recipient of voidable preferences in the amount of Six Thousand Seven Hundred Twenty Dollars ($6,720.00). Marksberry's claim is therefore not allowed.